**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES REYNOLDS,

Plaintiff,

vs

HAMITLON COUNTY DEVELOPMENTAL DISABILITY SERVICES, et al.,

Defendants.

Case No. 1:25-cv-623

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil rights and employment discrimination action is before the Court on multiple motions to dismiss filed by Defendants, Hamilton County Developmental Disabilities Services ("HCDDS"), Jennie Flowers, Chris Taylor, and Dawn Freudenberg, in their official and individual capacities (collectively "HCDDS Defendants"), the Ohio First District Court of Appeals, and Judges Candace C. Crouse and Ginger S. Bock (collectively, "the State Defendants"), the Ohio Department of Developmental Disabilities ("DODD") and Scott Phillips. (See Docs. 10, 20, 29). Also before the Court is Plaintiff's motion to amend the complaint. (Doc. 13). The motions will be addressed in turn.

**I. Procedural background**

Plaintiff, proceeding pro se, filed his original complaint on August 26, 2025, asserting federal-question jurisdiction under 42 U.S.C. § 1983 and related statutes. He filed a First Amended Complaint as of right on September 3, 2025, naming as defendants DODD; Scott Phillips, a DODD employee; Hamilton County Developmental Disabilities Services ("HCDDS") and several of its employees; and the First District Court of Appeals

and Judges Crouse, Bock, and Ralph T. Winkler.

The Complaint pleads numerous federal and state claims arising out of investigations into Plaintiff's conduct while he worked as a direct support professional and Chief Executive Officer for a DODD-certified provider, A Ray of Hope, and out of subsequent state-court litigation brought by Plaintiff against DODD, HCDDS, and others. Plaintiff alleges that state-court decisions in that litigation wrongly characterized him as an independent contractor rather than an employee, thereby precluding his ability to vindicate federal civil-rights claims premised on his asserted status as an "employee" under a "work made for hire" theory grounded in the Copyright Act.

Plaintiff's complaint alleges that he worked as a direct support professional and Chief Operating Officer for A Ray of Hope, an entity that provided services to persons with developmental disabilities. (Doc. 8, ¶¶ 4, 40–43, PageID 110, 116–17). Plaintiff alleges that HCDDS personnel subjected him and A Ray of Hope to discriminatory treatment because he is an African American man, including unfavorable comparisons to another African American provider and unannounced visits. (Id. ¶¶ 45–51, PageID 117–18).

In 2017, HCDDS began investigating allegations of abuse and other misconduct by Plaintiff. (Id. ¶¶ 52–79, PageID 118–25). Plaintiff asserts that the investigation was retaliatory and based on false allegations. (Id.). He alleges that Phillips, identified as DODD's State Director of Major Unusual Incidents, was notified of Plaintiff's concerns about discrimination and the investigation but aided an alleged coverup rather than correcting the conduct. (Id. ¶¶ 86–93, PageID 126–27). Plaintiff was notified on March 19, 2019, that administrative allegations had been substantiated. (Id. ¶¶ 84–85, PageID 125–26).

On August 23, 2019, the EEOC issued Plaintiff a right-to-sue notice. (Id. ¶ 9, PageID 111). Plaintiff commenced a state-court action on November 20, 2019, but voluntarily dismissed DODD and a DODD official, citing the Ohio Court of Claims' exclusive jurisdiction over damage claims against the State. (Id. ¶¶ 10–11, PageID 111–12). Plaintiff initiated this federal action on August 26, 2025 asserting claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments; Title VII; Ohio Revised Code § 4112.02; and Ohio law concerning defamation. (Docs. 1, 8)

DODD and Phillips move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). The First District Court of Appeals and Judges Crouse and Bock likewise move to dismiss under Rules 12(b)(1) and 12(b)(6). After those motions were filed, Plaintiff moved for leave to file a Second Amended Complaint that, among other things, substitutes Judge Robert C. Winkler for Judge Ralph T. Winkler and continues to seek declaratory and monetary relief against DODD, Phillips, HCDDS, and the judicial defendants. Plaintiff also moves to amend his complaint. (See Docs. 13, 26)

For the reasons outlined below, the undersigned finds that Defendants' motions are well-taken. The undersigned further finds that Plaintiff's motion to amend should be denied.

**II. Standards of Review**

Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6).

*A. Subject matter jurisdiction under Rule 12(b)(1)*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*,

922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp*., 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

*B. Failure to state a claim under Rule 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis v. ACB Business Servs., 135 F.3d 389*, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations. Id. A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. Id. at 406. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

**II. Analysis**

*A. HCDDS' Motion to dismiss (Doc. 10).*

The HCDDS defendants asserts that Plaintiff's complaint fails to state a claim for relief against them. HCDDS further contends that Plaintiff's claims are also properly dismissed for lack of jurisdiction. The undersigned agrees.

The HCDDS Defendants argue first that the Court lacks jurisdiction over Plaintiff's claims against them based on the *Rooker Feldman* doctrine. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000).

Here, Plaintiff expressly challenges the holding of the Ohio First District Court of Appeals that he was an independent contractor and that the HCDDS Defendants were immune and entitled to summary judgment on his employment-related claims. He asks this Court to declare that those holdings violate the Fourteenth Amendment, § 1983, and federal copyright law. That requested relief would require this Court to review and reject

the state courts' judgments and to effectively overturn them.

Thus, it is clear from the face of the complaint that Rooker–Feldman applies to bar this Court from exercising jurisdiction over Plaintiff's claims challenging the rulings of the state court. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts and this Court lacks subject matter jurisdiction to consider Plaintiff's claims. See 28 U.S.C. § 1915(e)(2)(B).

In the alternative, HCDDS defendants further assert that any federal civil-rights or Title VII claims based on conduct occurring between 2016 and 2019 are time-barred. As noted by Defendants, the statute of limitations applicable to all Ohio personal injury claims under Section 1983, Title 42 is two years. *Nadra v. Mbah*, 119 Ohio St.3d 305, ¶¶ 15-32 (2008). "To pursue a Title VII action, a plaintiff must exhaust his administrative remedies by filing a timely charge of employment discrimination with the EEOC or the appropriate state agency and obtaining a right-to-sue letter from the EEOC." *Greer v. Cummins*, 2023 WL 9472037, *2 (6th Cir., October 23, 2023) citing 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Peeples v. City of Detroit*, 891 F.3d 622, 633 (6th Cir., 2010). "When the alleged discrimination occurred in a 'deferral state,' i.e., a state such as [Ohio] that has enacted its own employment-discrimination laws, the plaintiff must file a charge within 300 days of the alleged unlawful act." Id. citing 42 U.S.C. § 2000e-5(e)(1); *Jones v. City of Franklin*, 309 F. App'x 938, 944-45 (6th Cir. 2009); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). "After receiving the right-to-sue letter, the plaintiff has 90 days to file a federal complaint." Id. citing 42 U.S.C. § 2000e–5(f)(1).

Here, Plaintiff's allegations against HCDDS concern conduct that ceased in 2019, the year he filed his first lawsuit. He did not file this federal action until 2025, well beyond

the applicable limitations periods for § 1983 claims and Title VII employment-discrimination claims. As such, Plaintiff's claims in this regard are time-barred and therefore subject to dismissal.

In light of the foregoing, the HCDDS defendants' motion to dismiss is well-taken and should be granted. [1]

*B. The Judicial Defendants' motion to Dismiss (Doc. 20)*

Plaintiff alleges that the First District's "interpretations" of various Ohio statutes "violate federal law as to congressional construction with 'common law of agency' under the 'work made for hire doctrine'" and "preclude[] Plaintiff rights under the Fourteenth Amendment," and he seeks declaratory relief under 28 U.S.C. § 2201. Defendants the Ohio First District Court of Appeals, Judge Candace C. Crouse and Judge Ginger S. Bock ("Judicial Defendants") now move to dismiss the sole claim asserted against them in Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

At the outset, the Court notes that Ohio courts are not sui juris. In other words, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976)(quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973). Here, Plaintiff points to no statute authorizing suit against the First District Court of Appeals itself and the Court is not aware of any. Accordingly, the First District Court of Appeals is not a legal entity capable of being sued and Plaintiff's claims against it should be properly dismissed.

---

1 These defendants further assert that Plaintiff's claims against them fail to state a claim for relief and are barred by the doctrines of res judicata and collateral estoppel. The undersigned agrees and finds such arguments to be well-taken for the reasons stated in Defendants' motion.

Next, the judicial defendants assert that Plaintiff's claims against Judges Crouse and Bock are barred by judicial immunity. Judges are afforded absolute immunity from liability for actions taken while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001).

Here, Plaintiff does not allege that Judges Crouse and Bock acted outside their judicial roles or without jurisdiction. To the contrary, his complaints are directed at their legal reasoning and statutory interpretation in resolving his state appeal. (Doc. 8. ¶¶ 138, 145, 153, 156). Judicial immunity is not lost even if a judge's decision is alleged to be erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

Defendants further argue that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. Notably, official-capacity claims are effectively suits against the State itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars suits in federal court against a State and its arms or departments, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *McCormick v. Miami Univ*., 693 F.3d 654, 661 (6th Cir. 2012).

"The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (*citing Ohio v. Madeline Marie Nursing Homes* # 1 & # 2, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51.

Accordingly, Plaintiff's claims for monetary damages against the Judicial Defendants in their official capacities are barred by the Eleventh Amendment and should be dismissed. Furthermore, Plaintiff's claims against these Defendants are also barred by the Rooker-Feldman doctrine. Plaintiff's own allegations make clear that his claimed injury stems directly from the First District's decision.

As such, the Judicial Defendants' motion to dismiss is well taken and should be granted.

*C. DODD and Phillips ("State Defendants" Motion to Dismiss (Doc.30)*

DODD and Phillips contend that Plaintiff's § 1983, Title VII, and Ohio Rev. Code § 4112 claims are untimely on the face of the pleadings. The undersigned agrees.

As noted above, a Title VII plaintiff must commence suit within 90 days after receiving an EEOC right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1*); Truitt v. County of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998). Plaintiff alleges that the EEOC issued his

right-to-sue notice on August 23, 2019. (Doc. 8, ¶ 9). Yet, he did not commence this action until August 26, 2025, nearly six years later. Plaintiff's complaint also fails to allege any facts that plausibly support equitable tolling. As such, Plaintiff's Title VII claims against the State Defendants are therefore barred by the statute of limitations.

Plaintiff's § 1983 claims against these defendants are likewise untimely. Ohio's two-year statute of limitations for personal-injury actions governs § 1983 claims. *Beaver St. Invs., LLC v. Summit County*, 65 F.4th 822, 826 (6th Cir. 2023). A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. Id. The alleged conduct by DODD and Phillips concerns the investigation into Plaintiff, the alleged discriminatory and retaliatory conduct surrounding that investigation, and the alleged failure to correct or investigate Plaintiff's complaints.

Plaintiff alleges that he received notice on March 19, 2019, that administrative allegations against him had been substantiated. (Doc. 8, ¶¶ 84–85). Thus, at the latest, Plaintiff knew or had reason to know of the alleged injuries by March 2019. The limitations period expired in March 2021, more than four years before Plaintiff filed this action. The § 1983 claims are therefore time barred. Because the federal claims asserted against the State Defendants are untimely, they should be dismissed with prejudice.

Having recommended dismissal of all claims over which this Court has original jurisdiction, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims against the State Defendants. See 28 U.S.C. § 1367(c)(3). See *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims ...").

D. *Plaintiff's motion for leave to amend (Docs 13, 26)*[2]

Plaintiff seeks leave of Court to amend his complaint. Notably, the proposed pleading corrects the names of Judges Candace A. Crouse and Robert C. Winkler, removes references to Judge Ralph T. Winkler, and revises the pleaded causes of action. The proposed complaint retains claims based on the same 2016–2020 events, the state-court proceedings culminating in the January 12, 2024 First District decision, and the Ohio Supreme Court's refusal to accept jurisdiction. (Doc. 26-1, ¶¶ 9–19, 45–120, 138–55).

Although Rule 15 of the Federal Rules of Civil Procedure directs courts to freely grant leave to amend when justice requires, leave may be denied when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when it could not survive a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Here, Plaintiff's proposed amendment does not cure the pleading deficiencies identified above. Instead, it largely repleads the same claims against the same entities and officials, while substituting Judge Robert C. Winkler for Judge Ralph T. Winkler and adding or refining legal labels. Accordingly, for the reasons outlined above, in resolving Defendants' motions to dismiss, Plaintiff's proposed amended complaint is futile because it cannot survive dismissal. For these reasons, Plaintiff's motion to amend (Doc. 26) should be denied.

2 Plaintiff asserts that the most recent motion to amend is intended to "replace" his prior motion. (See Doc. 26; referencing Doc. 13). Accordingly, the Court construes Doc. 26 as superseding Doc. 13. Plaintiff initial motion to amend (Doc. 13) should therefore be denied as moot.

## III. Conclusion

In light of the foregoing, **IT IS RECOMMENDED THAT:** (1) Defendants' motions to dismiss (Docs. 10, 20, 29) be **GRANTED;** (2) Plaintiff's motion to amend (Doc. 13) be **DENIED as MOOT**; (3) Plaintiff's subsequent motion to amend (Doc. 26) be DENIED.; and (4) this matter be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES REYNOLDS,

Plaintiff,

vs.

HAMITLON COUNTY DEVELOPMENTAL DISABILITY SERVICES, et al.,

Defendants.

Case No. 1:25-cv-623

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).