**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. REYNOLDS, | : | |
| *Plaintiff*, | : | Case No. 1:25-cv-00623 |
| vs. | : | Judge Jeffery P. Hopkins |
| HAMILTON COUNTY DEVELOPMENTAL DISABILITIES SERVICES, *et al.*, | : | |
| *Defendants*. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Stephanie K. Bowman on August 10, 2026. Doc. 35. The Magistrate Judge recommends that the Court grant Defendants' Motions to Dismiss (Docs. 10, 20, 29), deny as moot Plaintiff's first Motion for Leave to Amend Complaint (Doc. 13), deny Plaintiff's subsequent Motion for Leave to Amend Complaint (Doc. 26), and close this matter. Plaintiff objects, raising several arguments in support of his position.[1] *See* Doc. 36. For the reasons explained below, Plaintiff's objections (Doc. 36) are **OVERRULED**, and the Magistrate Judge's R&R (Doc. 35) is **ADOPTED**.

[1] In his First Amended Complaint (Am. Compl., Doc. 12), Plaintiff asserts claims under the Constitution's First and Fourteenth Amendments, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and O.R.C. § 4112.02 and names the following as Defendants: Hamilton County Developmental Disabilities Services ("HCDDS"); HCDDS Defendants Jennie Flowers, Chris Taylor, and Dawn Freudenburg (the "HCDDS Defendants") in their individual and official capacities; the Ohio Department of Developmental Disabilities ("DODD"); DODD Director Scott Phillips in his individual and official capacities; the Ohio First District Court of Appeals; and Judges Candace C. Crouse, Ralph T. Winkler, and Ginger S. Bock (the "Judicial Defendants") in their official capacities (together, "Defendants"). On October 6, 2025, Plaintiff moved to amend his Amended Complaint (Doc. 26) because he incorrectly identified Judge Ralph T. Winkler as one of the judicial officers who presided over his case before the Ohio First District Court of Appeals, as opposed to identifying Judge Robert C. Winkler. *See* Doc. 26, PageID 639–40; Doc. 11, PageID 287–310.

## I. STANDARDS OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II. BACKGROUND

The factual and procedural background of this case is set forth in greater detail in the Magistrate Judge's R&R. *See* Doc. 35, PageID 943–45. Briefly, Plaintiff alleges that while employed for a company called A Ray of Hope, Defendants subjected him to a discriminatory investigation concerning his alleged abuse of clients and related misconduct. Am. Compl., Doc. 12, ¶¶ 53–79. On November 20, 2019, he filed state-law discrimination, retaliation, and defamation claims against Defendants in the Hamilton County Court of Common Pleas. *Id.* ¶¶ 9–10. During those proceedings, the trial court denied Defendants' motion for summary judgment. Doc. 16, PageID 457. Defendants then appealed. On appeal, the Ohio First District Court of Appeals held that Plaintiff was an independent contractor, rather than an employee and ordered that Defendants' motion for summary judgment be granted. Doc. 16, PageID 495–520. Plaintiff now contends that this ruling was improper and deprived him of an opportunity to pursue his claims against Defendants. Am. Compl., Doc. 12, PageID 346.

On February 20, 2024, Plaintiff sought review of the matter from the Ohio Supreme Court. *Id.* ¶ 16. The Supreme Court declined to review the decision and also denied reconsideration of Plaintiff's request on June 11, 2024. *Id.* ¶ 17–19. He then filed this federal lawsuit on August 26, 2025 (and later filed an Amended Complaint), alleging that Defendants

discriminated, defamed, and retaliated against him while he worked for A Ray of Hope and that the Ohio First District Court of Appeals and the Judicial Defendants wrongly held that he was an independent contractor rather than an employee while his case was on appeal. Compl., Doc. 1; Am. Compl., Doc. 12. Defendants moved to dismiss Plaintiff's Amended Complaint (Docs. 10, 20, 29); Plaintiff then filed two motions for leave to amend (Docs. 13, 26). On August 10, 2026, the Magistrate Judge issued an R&R recommending that the Court grant all three motions to dismiss (Docs. 10, 20, 29), deny Plaintiff's first motion to amend as moot (Doc. 13), deny his second motion to amend as futile (Doc. 26), and close this case. *See* Doc. 35. Plaintiff objected to the R&R. Doc. 36. The matter is now ripe for review.

## III. LAW AND ANALYSIS

Plaintiff raises five objections to the R&R. He objects to the Magistrate Judge's conclusions that: (1) the Ohio First District Court of Appeals is not a suable entity; (2) that the Judicial Defendants are protected by sovereign immunity under the Eleventh Amendment; (3) that the Judicial Defendants are entitled to judicial immunity; (4) that the *Rooker–Feldman* doctrine bars his claims against the Judicial Defendants, the HCDDS Defendants, and HCDDS; and (5) that his claims against HCDDS, the HCDDS Defendants, DODD, and Philips are untimely. *See* Doc. 36. The Court takes each objection in turn.

### *1. Ohio Courts Are Not Sui Juris*

First, the Magistrate Judge properly concluded that the Ohio First District Court of Appeals is not an entity capable of being sued based upon the facts presented before the Court. Doc. 35, PageID 949. Under Ohio law, it is a well-established and foundational principle that "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga Cty.*, 45 Ohio St.2d 245, 248 (1976) (quoting *State*

*ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973)); *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 6, fn. 1; *Shank v. Ninth Dist. Court of Appeals*, 2024-Ohio-202 ("[T]he Ninth District Court of Appeals is not sui juris and therefore may not be sued. Cause dismissed."). In this action, Plaintiff has named the Ohio First District Court of Appeals as a defendant. *See* Am. Compl., Doc. 12. However, besides objecting to the Magistrate Judge's overall conclusion that the court is not sui juris, Plaintiff fails to meaningfully address the question presented before the Court: whether any statute authorizes suit against the First District Court of Appeals in the first place. Because Plaintiff identifies no statute that does so, the Court agrees with the Magistrate Judge that the claims against it must be dismissed. Doc. 35, PageID 949.

2. *The Judicial Defendants Are Entitled to Eleventh Amendment/Sovereign Immunity, and the Ex parte Young Doctrine Does Not Alter That Result*

Second, the Court agrees with the Magistrate Judge that the Eleventh Amendment/sovereign immunity properly shields the Judicial Defendants in this case. Doc. 35, PageID 950–51. In the Amended Complaint, Plaintiff seeks declaratory relief against the Judicial Defendants on the Ohio First District Court of Appeals in their "official" capacities. Am. Compl., Doc. 12, PageID 313, 346. Because Plaintiff asserts these claims against the Judicial Defendants in their official capacities, his claims are effectively claims against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). As emphasized by the Supreme Court, states generally enjoy immunity from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity, regardless of the form of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

101–02 (1984); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). However, the application of sovereign immunity is subject to three exceptions: (1) the State may waive its immunity and consent to suit; (2) a plaintiff may seek prospective relief against a state official under the *Ex parte Young* exception; and (3) Congress may abrogate the State's immunity. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

Here, Ohio has not waived its immunity and consented to suit, and Congress has not abrogated that immunity. Therefore, the only issue is whether Plaintiff's claims happen to fall within the *Ex parte Young* doctrine, which allows plaintiffs to assert "claims for injunctive relief against individual state officials in their official capacities." *Carten v. Kent State Univ*., 282 F.3d 391, 395 (6th Cir. 2002); *Ex parte Young*, 209 U.S. 123, 159–160 (1908). To qualify, however, a plaintiff "must seek prospective relief" and seek "to end a continuing violation of federal law." *Carten*, 282 F.3d at 395; *Michigan Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000).

Plaintiff asks the Court to declare that the Judicial Defendants erred in his state court litigation by determining that he was an independent contractor rather than an employee. Am. Compl., Doc. 12, PageID 346 (requesting that the Court "[i]ssue a declaratory judgement [sic] pursuant to 28 U.S.C. § 2201 against judges . . . declaring that Plaintiff was an employee under state and federal law . . . and to deem that these state court[] interpretations under the DODD statutes violate plaintiff['s] Fourteenth amendment rights"). This request is retroactive in nature. As noted, the *Ex parte Young* doctrine extends only to claims by plaintiffs seeking prospective relief, as opposed to retroactive relief. *Carten*, 282 F.3d at 396; *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). To grant Plaintiff's

request, the Court would have to revisit an already-issued Ohio state-court decision, which we may not do. Moreover, the Supreme Court in *Whole Woman's Health v. Jackson* has already explained that the *Ex parte Young* doctrine rarely ever permits claims against state-court judges. The Supreme Court stated, in relevant part:

> [The *Ex parte Young*] exception does not normally permit federal courts to issue injunctions against *state-court judges* or clerks. Usually, those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties. If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an ex ante injunction preventing the state court from hearing cases. As *Ex parte Young* put it, "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government."

*Whole Woman's Health*, 595 U.S. at 39 (emphasis added). Therefore, the Court agrees with the Magistrate Judge that the Eleventh Amendment/sovereign immunity shields the Judicial Defendants in this case.

*3. The Judicial Defendants Are Entitled to Judicial Immunity*

Third, the Court agrees that the Judicial Defendants are entitled to judicial immunity. Doc. 35, PageID 950. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). The scope of this immunity is expansive and "exists even where a judge acts corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). However, the judicial immunity doctrine is subject to two exceptions: It does not protect a judge from (1) liability for nonjudicial acts; or (2) for judicial acts "taken in the complete absence of all jurisdiction." *Id.* (citation omitted).

Recall that on November 20, 2019, Plaintiff filed suit in the Hamilton County Court of Common Pleas. Am. Compl., Doc. 12, ¶¶ 9–10. During those proceedings, the trial court denied Defendants' motion for summary judgment. Doc. 16, PageID 457. Defendants

appealed. On appeal, the Judicial Defendants held that Plaintiff was an independent contractor, rather than an employee and ordered that Defendants' motion for summary judgment be granted. Doc. 16, PageID 495–520. Plaintiff contends that this ruling was improper. Am. Compl., Doc. 12, PageID 346.

Importantly, however, the very nature of interpreting the law, reviewing the record, and issuing decisions (including affirming and reversing lower court decisions) extends to the very core of judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (stating that whether an act is judicial turns on whether the act is a function that is normally performed by a judge and whether the parties in the action dealt with the judge in a judicial capacity). Here, Plaintiff's claims against the Judicial Defendants are based entirely on actions they took while resolving his appeal. He does not allege that they engaged in any conduct outside their judicial capacity. Nor does he allege that the Judicial Defendants lacked authority to hear his appeal. *See* Ohio Const.. art. IV, § 3(B)(2) ("Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."); Ohio Rev. Code § 2505.03(A) ("Every final order, judgment, or decree of a court . . . may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."). The Court therefore agrees with the Magistrate Judge that the Judicial Defendants are entitled to judicial immunity.

*4. The Rooker-Feldman Doctrine Bars Plaintiff's Claims as to HCDDS, the HCDDS Defendants, and the Judicial Defendants*

Fourth, the Court agrees with the Magistrate Judge's recommendation that the *Rooker-Feldman* doctrine bars Plaintiff's state-court challenges. Doc. 35, PageID 948. The doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state

court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quoting *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004)). It applies when the following four elements are met: the federal plaintiff (1) lost in state court; (2) complains of injuries caused by a state-court judgment; (3) challenges a judgment entered before the federal action began; and (4) asks the federal district court to review and reject that judgment. *See RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387 (6th Cir. 2021) (citations omitted). Courts begin this analysis by looking to "the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.").

Plaintiff concedes that his claims are indeed barred by the *Rooker-Feldman* doctrine. Doc. 36, PageID 14 ("Plaintiff agrees that as constructed the causes of action are barred by the Rooker-Feldman doctrine."). Plaintiff attempts to cure this defect by now re-characterizing his claims as challenging only the statutes the Judicial Defendants applied, rather than their actual decision. *Id*. However, in Plaintiff's prayer of relief, he directly asks the Court to "[i]ssue a declaratory judgement [sic] pursuant to 28 U.S.C. § 2201 against judges . . . declaring that Plaintiff was an employee under state and federal law . . . and to deem that these state court[] *interpretations* under the DODD statutes violate plaintiff['s] Fourteenth amendment rights." Am. Compl., Doc. 12, PageID 346 (emphasis added). Therefore, Plaintiff challenges the Judicial Defendants' *interpretation* and application of the relevant statutes in his case, and he seeks relief that would require this Court to reject that decision. In other words, Plaintiff asks the Court to do exactly what the *Rooker-Feldman* doctrine prohibits: review and invalidate a state-court judicial decision entered following Plaintiff's unsuccessful

state-court litigation. This Court has no authority to do so. *RLR Invs., LLC*, 4 F.4th at 388 ("'[T]heres no complexity [under the *Rooker–Feldman* doctrine] when the litigant directly asks a federal district court to' declare a state-court order to be unconstitutional and enjoin its enforcement.") (citation omitted). The *Rooker–Feldman* doctrine therefore applies in this case and bars Plaintiff's challenges to the decisions rendered in state court.

*5. Plaintiff's Claims Against HCDDS, the HCDDS Defendants, DODD, and Phillips are Time-Barred*

Fifth, the Court agrees that Plaintiff's statute-of-limitations objections lack merit. Doc. 35, PageID 948, 951–52. The Magistrate Judge found that Plaintiff's claims against HCDDS, the HCDDS Defendants, DODD, and Phillips were "untimely on the face of the pleadings." *Id*. In Ohio, "a two-year statute of limitations applies to § 1983 claims." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) ("A complete cause of action arises 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"). Here, Plaintiff concedes that his claims, as "characterized," are time-barred. Doc. 36, PageID 10. He then goes on to concede that the "timeline of dates" in his Amended Complaint "are improper to state a claim." *Id*. at PageID 13. The Court agrees. Plaintiff received notice about the outcome of an investigation conducted against him which formed the basis of his Complaint (over six years before filing this action) on March 18, 2019, when he was advised of eight "administrative charges [that] had been substantiated against him," following his suspension from work. Am. Compl., Doc. 12, ¶¶ 83–84.

Plaintiff also alleges that he received an EEOC right-to-sue notice way back on August 23, 2019. *Id*. ¶ 9; Compl., Doc. 1, Pl. Ex. A, PageID 36. Title VII required him to commence suit within ninety days after receipt of that notice. 42 U.S.C. § 2000e-5(f)(1); *Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 472 (6th Cir. 2003) ("Title VII provides that claimants

must file suit within ninety days from receipt of the right-to-sue-letter."); *Davis v. Lincoln Crawford Care Ctr.*, No. 24-3910, 2025 WL 2944302, at *1 (6th Cir. Oct. 14, 2025) (same). But Plaintiff did not initiate this action until August 26, 2025—six years later. *See* Compl., Doc. 1. Here, "it is apparent from the face of the complaint" that Plaintiff's claims are time-barred.[2] *Barnes v. Cap. One Fin. Corp.*, No. 1:23-cv-182, 2023 WL 6606026, at *4 (S.D. Ohio Oct. 10, 2023) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

Plaintiff nevertheless argues that equitable tolling applies here and, as a result, extended his limitations period. Whether equitable tolling applies is a case-specific question informed by five considerations: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citation omitted). "[F]ederal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). Indeed, equitable tolling is reserved for only exceptional circumstances beyond the plaintiff's control, despite the plaintiff's diligent pursuit of his rights. *Id*. It does not excuse a litigant's lack of diligence or ordinary neglect. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of

---

[2] Plaintiff's argument is not entirely clear, but he appears to contend that his claims are timely because he endured an ongoing or continuous injury due to Judicial Defendants' January 12, 2024, decision when the court held that Plaintiff was an independent contractor, rather than an employee and ordered that Defendants' motion for summary judgment be granted. Doc. 16, PageID 495–520. The court's decision followed the alleged discrimination, retaliation, and defamation that Plaintiff endured at work from 2016 to 2019. Doc. 36, PageID 10. At most, the Judicial Defendants' 2024 decision can be characterized as an "effect" or natural result of Defendants alleged 2016–2019 conduct, but that is insufficient to establish a new or continuous injury and thus fails to toll the statute of limitations in this case. *See Howell v. Cox*, 758 F. App'x 480, 484 (6th Cir. 2018).

diligence."); *Graham-Humphreys*, 209 F.3d at 561 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Application of the sparingly invoked equitable tolling doctrine is not warranted here. Plaintiff does not allege that he lacked actual or constructive notice of the applicable filing deadlines. He readily concedes in the Amended Complaint that he received an EEOC right-to-sue notice on August 23, 2019. Am. Compl., Doc. 12, ¶ 9; Compl., Doc. 1, Ex. A, PageID 36. Plaintiff has also displayed a lack of diligence in pursuing his alleged federal claims. Although he pursued his state-court litigation in 2019, he did not, as noted, commence this federal action until August 26, 2025—more than six years later. Compl., Doc. 1; Am. Compl., Doc. 12, ¶¶ 9–10. Third, Plaintiff identifies no extraordinary circumstance beyond his control that prevented a timely filing. Here, Plaintiff asserts that his state-court litigation precluded his ability to litigate his claims in federal court and, as a result, his claims should be deemed as timely. Am. Compl., Doc. 12, ¶¶ 150–51. But the Sixth Circuit has stated that "litigating first in state court [does not] toll the statute of limitations for § 1983 claims." *Huntsman v. Perry Loc. Schs. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010). In addition, Plaintiff's *pro se* status does not, on its own, provide a basis for equitable tolling. *See Graham-Humphreys*, 209 F.3d at 561; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Accordingly, Plaintiff has failed to establish equitable tolling in this case. The Court therefore agrees with the recommendation that Plaintiff's statute-of-limitations objections lack merit.[3]

---

[3] Plaintiff also relies on cases addressing the legal concepts of res judicata and collateral estoppel, but those doctrines have no bearing on the statutory deadline issues presented here. *See* Doc. 36, PageID 17.

*6. Amendment Would Be Futile*

Finally, Plaintiff seeks to amend his First Amended Complaint to correct the deficiencies identified by the Magistrate Judge. Doc. 36, PageID 17. The Magistrate Judge recommends that the Court deny Plaintiff's request because any amendment would be futile. Doc. 35, PageID 953. Under Federal Rule of Civil Procedure 15(a)(2), courts should freely grant leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Leave may nevertheless be denied based upon "undue delay, bad faith by the movant, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or 'futility of amendment,'" among other reasons. *Ahmed v. Hamtramck Pub. Schs.*, 178 F.4th 975, 981 (6th Cir. 2026); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Importantly, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) (citation omitted); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

In this case, allowing amendment would be futile. The Court agrees with the Magistrate Judge that Plaintiff's proposed second amended complaint (Doc. 26) retains the same factual basis, Defendants, and requested relief. Plaintiff only replaces Judge Ralph T. Winkler with Judge Robert C. Winkler and attempts to reframe the same legal theories. Doc. 26, PageID 639. Those revisions cannot cure the legal pleading deficiencies discussed above.

In Plaintiff's latest motion, he again seeks leave to amend or correct the Amended Complaint (Doc. 38) following the issuance of the Magistrate Judge's R&R. Plaintiff, however, once again asks the Court to violate the *Rooker-Feldman* doctrine by having us reconsider the same state court decision issued by Judicial Defendants. *See* Doc. 38-1, PageID 1027 (requesting that the Court "[i]ssue a declaratory judgement [*sic*] . . . against judges

Candace A. Crouse, Robert C. Winkler, and Ginger S. Bock declaring the rights of Plaintiff and that their *actions* violate the constitution and continue to violate the constitution and federal law.") (emphasis added). Moreover, Plaintiff's claims against the remaining Defendants again arise from the same 2019 investigation and same alleged discrimination, defamation, and retaliation he purportedly experienced during that time. *See* Doc. 38-1, ¶ 79. Those claims remain untimely.

The Court also notes that Plaintiff has attempted to amend his pleadings on several occasions prior to now, Docs. 13, 26, 38, but has repeatedly failed "to cure [those pleading] deficiencies." *Foman*, 371 U.S. at 182. Plaintiff even acknowledges that his attempts to amend have likely caused an "undue burden." Doc. 38, PageID 992. Plaintiff's failure to cure his pleading deficiencies and the undue prejudice visited upon the opposing parties in the litigation formulate independent bases for denying leave in this case. *Ahmed*, 178 F.4th at 981 (stating that leave may be denied based upon "undue delay, bad faith by the movant, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or 'futility of amendment,'" among other reasons); Doc. 38-1, PageID 992. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's request for leave to amend should be denied.

## IV. CONCLUSION

Based on the foregoing and for all the reasons stated, Plaintiff's objections (Doc. 36) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. 35) is **ADOPTED**. Therefore, the Court **GRANTS** Defendants' Motions to Dismiss (Docs. 10, 20, 29); **DENIES AS MOOT** Plaintiff's first Motion for Leave to Amend the Complaint (Doc. 13); **DENIES** Plaintiff's subsequent Motion for Leave to Amend the Complaint (Doc. 26);

**DENIES AS MOOT** Plaintiff's Third Motion to Amend the Complaint (Doc. 38); and directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

September 10, 2026

Jeffery P. Hopkins
United States District Judge